UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DEON BELL,

    Defendant.

_____/

Case No. 22-20574

Honorable Nancy G. Edmunds

**OPINION AND ORDER DENYING DEFENDANT'S
MOTION TO SUPPRESS EVIDENCE [33]**

Defendant Deon Bell is charged in this matter in a two-count superseding indictment with interference with commerce by robbery in violation of 18 U.S.C. § 1951(a) (Count I) and conspiracy to destroy or conceal a record or tangible object to impede or obstruct a federal investigation in violation of 18 U.S.C. §§ 371, 1519 (Count II). (ECF No. 26.) Before the Court is Defendant's motion to suppress evidence. (ECF No. 33.) The government opposes the motion. (ECF No. 41.) The Court held an evidentiary hearing on April 26, 2023. For the reasons below, the Court DENIES Defendant's motion.

**I.  Factual Background**

During the evidentiary hearing, the Court heard detailed testimony from ATF Special Agent Sherri Reynolds. The Court found Agent Reynolds credible and fully credits the testimony she provided. The following summary of the facts is supported by that testimony and the exhibits submitted by the government.

The government has indicted Defendant in two separate cases. The first case involves the theft of approximately 45 firearms from a Federal Firearms Licensee ("FFL") during two burglaries that took place on September 11 and 12, 2022. (*See* Case No. 22-

1

20642.) The second is the present case that stems from Defendant robbing a T-Mobile store at gunpoint on October 10, 2022.

While investigating Defendant for the first case, the government obtained a federal search warrant for his phone location information. That warrant was still active when Defendant committed the T-Mobile robbery. The robbery was caught on video. Along with the stolen merchandise, the T-Mobile employees gave Defendant a tracker cell phone, which allowed law enforcement to track his position after he left the store. After the robbery, Defendant travelled to a wireless store in Hamtramck and remained in a nearby alley while an accomplice sold most of the stolen merchandise. A camera in the alley captured images of Defendant without his mask on. The government also had a federal warrant tracking the real-time location of Defendant's cellular phone at the time.

On October 12, two days after the T-Mobile robbery, law enforcement had not yet identified Defendant as the perpetrator. They created a bulletin showing pictures of Defendant inside the T-Mobile store and in the alley and asking for help in identifying the suspect. (Gov't Exh. 1.) ATF agents investigating the FFL burglaries saw the bulletin and identified Defendant, who was the lead suspect in those burglaries. They also recognized his white Jeep, which appeared in the images as well. Once ATF identified Defendant as the T-Mobile robber, agents worked with local officers to arrest him. At the time of his arrest, he had two cell phones, including the TCL phone at issue in this motion. The phones were seized and sent with him to Washtenaw County Jail.[1]

On October 14, Agent Reynolds obtained a federal warrant to search both of Bell's

---

[1] Agent Reynolds testified that the phones were seized from the vehicle by Michigan state police pursuant to a state search warrant. A second search warrant for the vehicle was later obtained by federal law enforcement.

2

phones. (Gov't Exh. 6, Search Warrant 22-mc-51453-35.) To explain the circumstances of the arrest, information regarding the T-Mobile robbery was included in the warrant. However, because the case was still in the jurisdiction of the state, that information was only included in the probable cause section and not in Attachment B, which described the property to be seized and searched as records relating to the FFL robberies. When agents went to the Washtenaw County Jail to retrieve the phones, they were informed that they had been picked up by Defendant's mother. The TCL phone had been damaged but was eventually repaired and the extraction was completed in November 2022.

On October 26, 2022, Defendant was charged by federal criminal complaint with Hobbs Act robbery for the T-Mobile robbery and the state case was dismissed. The government obtained additional search warrants for Defendant's other cell phones and his iCloud account. (Gov't Exhs. 8, 9.) Agent Reynolds was the affiant for both of those warrants that authorized the search of information related to both cases.

On January 23, 2023, Agent Reynolds reviewed Defendant's TCL phone and found four pictures of the items stolen from the T-Mobile store.[2] (Gov't Exhs. 2, 3.) At the time, Agent Reynolds did not realize that the warrant did not authorize the collection of evidence related to the T-Mobile robbery. While producing discovery in February 2023, counsel for the government discovered the potential Fourth Amendment violation. He told ATF agents to stop any ongoing review of the extraction of Defendant's TCL phone and submitted a second federal warrant to search the TCL phone. (Gov't Exh. 7, Search Warrant 23-mc-50320.) That warrant included the facts of the T-Mobile robbery and "in

---

[2] According to the metadata associated with the pictures, the photos were taken approximately one hour after the robbery in the location of the wireless store in Hamtramck.

3

the interest of full disclosure," the fact that the government had seen evidence of the crime on the phone. The probable cause section did not rely on any evidence recovered from the phone. The second warrant was issued by Magistrate Judge Patti on March 8, 2023.

## II.     Analysis

Defendant seeks suppression of the images related to the T-Mobile robbery that were found during the execution of the search warrant issued for the purpose of investigating only the FFL burglaries. The government relies on the plain view, independent source, and good faith doctrines to argue that the motion should be denied.

First, the government argues that the images are admissible under the plain view doctrine. Under this doctrine, incriminating evidence may be admitted into evidence when "(1) the officer did not violate the Fourth Amendment in arriving at the place where the evidence could be plainly viewed; (2) the item is in plain view; and (3) the incriminating character of the evidence is immediately apparent." *See United States v. Taylor*, 248 F.3d 506, 512 (6th Cir. 2001).

Here, Agent Reynolds searched Defendant's phone pursuant to a federal warrant, which authorized her to look for pictures. Second, the four images were in plain view and visible when Agent Reynolds scrolled through the "images" folder of the phone. Third, the incriminating character of the pictures was apparent to Agent Reynolds, who had probable cause to believe that Defendant had robbed the T-Mobile store and knew what the stolen items looked like. In sum, the photos are admissible under the plain view doctrine.

Second, the government argues that the images are admissible under the independent source doctrine. This doctrine stems from the notion that "evidence obtained

from an illegal search does not became sacred and inaccessible." *See United States v. Leake*, 95 F.3d 409, 411-12 (6th Cir. 1996) (internal quotations and citation omitted). Instead, the exclusionary rule is meant to balance the "interest of society in deterring unlawful police conduct and the public interest in having juries receive all probative evidence of a crime." *See Murray v. United States*, 487 U.S. 533, 537 (1988) (internal quotations and citation omitted). For this doctrine to apply, the government must show that "(1) no evidence obtained in the initial unlawful search 'prompted' the subsequent lawful search and (2) the improperly obtained evidence didn't affect the magistrate's 'decision to issue the warrant.'" *See Davis v. United States*, No. 21-5967, 2022 U.S. App. LEXIS 16998, at *5-6 (6th Cir. June 17, 2022) (quoting *Murray*, 487 U.S. at 542).

Here, the images found in the search of the phone are not what prompted the subsequent lawful search. Rather, it was the realization on the part of the government's counsel that the warrant did not authorize seizure of the T-Mobile images. With regard to the second prong, the affidavit that went along with the second search warrant contained a detailed description of the evidence linking Defendant to the T-Mobile robbery, establishing probable cause for why evidence of the crime would be on his phone. Thus, the photos are admissible under the independent source doctrine.

Finally, the government argues that because any Fourth Amendment violation was a simple mistake of omission that was self-corrected, the images should not be suppressed under the good faith doctrine. To warrant application of the exclusionary rule, "police conduct must be sufficiently deliberate that exclusion can meaningfully deter it, and sufficiently culpable that such deterrence is worth the price paid by the justice system." *See Herring v. United States*, 555 U.S. 135, 144 (2009). Agent Reynolds testified

that when she searched the phone in January 2023, she did not realize that the warrant did not authorize the collection of evidence related to the T-Mobile robbery. Approximately three months had passed since issuance of the warrant, and during that time period, Agent Reynolds had obtained two additional warrants that did include the T-Mobile robbery. There had been probable cause to include the T-Mobile robbery in the warrant, but it was omitted because the investigation was still in the state's jurisdiction at the time. Because the underlying police conduct does not rise to the level of "deliberate, reckless, or grossly negligent conduct," *see id.*, it does not trigger the exclusionary rule.

In sum, the photos are admissible under the plain view and independent source doctrines and even if they were not, suppression would be inappropriate under the good faith doctrine.

### III.   Conclusion

For the reasons above, Defendant's motion to suppress evidence is DENIED.

SO ORDERED.

                                                  s/Nancy G. Edmunds
                                                  Nancy G. Edmunds
                                                  United States District Judge

Dated: May 2, 2023

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 2, 2023, by electronic and/or ordinary mail.

                                                  s/Lisa Bartlett
                                                  Case Manager